## LIABILITY OF BOARDINGHOUSE KEEPER FOR PROPERTY OF BOARDER.

Circuit Court of Cuyahoga County.

EDMUND HUGHES v. LEONARD W. CRAWFORD.

Decided, April, 1907.

*Liability of Boarding-House Keeper—Contributory Negligence of Boarder.*

A boarder, as well as his boarding-house keeper, is required to exercise ordinary care of property left in his room which may attract thieves.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff was a boarder in the house of defendant, who kept a few boarders. One morning plaintiff left his watch in his room and his purse with some money in it in his clothes hanging up in his closet, and went to his work.

There was no lock on the door of plaintiff's room.

Sometime that day another man applied for board and was assigned a room near plaintiff's in which he remained several hours. A lady member of the family having occasion to use the new boarder's room, asked him to step into plaintiff's room temporarily, which he did, afterwards leaving the house and never returning. When plaintiff came home at night his watch and purse were gone. He brought his action against the boarding house keeper to recover their value. The trial judge di-

rected a verdict for the defendant and the case is now here for review.

Conceding that boarding house keepers are bound to exercise ordinary care of the property of boarders left in their rooms of which the former have a certain supervision and control, and that the degree of ordinary care is not that degree of care as is demanded of an ordinarily prudent man under similar circumstances, there was enough evidence in this case to go to the jury, unless the plaintiff himself was so careless and negligent regarding his own property, that a verdict was rightly directly against him.

On this point it appears that plaintiff knew that defendant was accustomed to admit strangers to his house as boarders without inquiry concerning them, for he had been so admitted himself. He knew there was no lock on his door; he knew the family and others in the house could and did make some use of his room, or at least, had free access to his room. Knowing all this he deliberately left his watch in plain view in his room, and this, the evidence shows, he was accustomed to do. Leaving such small objects of value in plain sight, unprotected, we think was not such care of his own property as plaintiff should have taken of it. It created a temptation of theft.

As there was no evidence in the case tending to show that any member of defendant's family took the watch and purse. we think the judgment was properly against the plaintiff and it is affirmed.